UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALTURO GONZALEZ ZAMBRANO,

      Petitioner,

  v.                        Case No.:  2:26-cv-01787-SPC-KRH

ICE *et al.*,

      Respondents,

_____/

## <u>OPINION AND ORDER</u>

Before the Court are Alturo Gonzalez Zambrano's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Gonzalez Zambrano is a native and citizen of Mexico who entered the United States without inspection more than 30 years ago.  He was convicted of the sale or delivery of cocaine on June 5, 2019, and sentenced to 75 days in county jail.  On October 8, 2025, local law enforcement arrested Gonzalez Zambrano and charged him with the sale or delivery of cocaine.  He was convicted on March 12, 2026, and sentenced to six months in county jail with credit for time served.  Immigration and Customs Enforcement ("ICE") issued an immigration detainer and took him into custody when he completed the jail sentence.  ICE commenced removal proceedings on April 20, 2026, by issuing a notice to appear.  Those proceedings remain pending.  Gonzalez Zambrano is

currently detained at Alligator Alcatraz.  He argues his detention violates the Fifth Amendment and the Immigration and Nationality Act ("INA").

The respondents argue Gonzalez Zambrano is subject to mandatory detention under 8 U.S.C. § 1226(c), which requires the Attorney General to detain some criminal noncitizens.  Specifically, the government cites § 1226(c)(1)(B) and § 1227(a)(2)(A)(ii).  Together, those sections mandate the detention of noncitizens who are "convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct[.]" 8 U.S.C. § 1227(a)(2)(A)(ii).  Gonzalez Zambrano was convicted for the sale or delivery of cocaine on June 5, 2019, and again on March 12, 2026.  He is thus subject to mandatory detention under § 1226(c).

That is not the end of the inquiry.  In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court considered the constitutionality of mandatory detention under § 1226(c).  "While *Demore* upheld § 1226(c)'s provision mandating detention of criminal aliens during removal proceedings, it did so with a strong constitutional caveat about due process concerns as to continued mandatory detention where the duration of the removal proceedings is unreasonably long or delayed."  *Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199 (11th Cir. 2016). Gonzalez Zambrano has been in immigration detention for just over two months, and his removal proceedings appear to be moving forward on an expedited schedule.  Thus, the Court finds his detention does not yet raise due

process concerns.   If Gonzalez Zambrano's detention becomes unreasonably prolonged, he may file a new habeas petition.

Accordingly, it is hereby

**ORDERED**:

Alturo Gonzalez Zambrano's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

3